

IN THE DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

PRENTISS L. ALLISON,

,plaintiff

v.

NATIONAL AGENTS ALLIANCE,

defendant.

07CV6951
JUDGE ANDERSEN
MAG. JUDGE BROWN

RECEIVED
DEC 1 1 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### COMPLAINT

NOW COMES your plaintiff, Prentiss L. Allison, by and through his attorney, Russell O. Davis, and for his complaint against the defendant states as follows:

### STATEMENT OF FACTS

Prentice Allison is a professional insurance broker licensed to do business in the fifty states of the United States of America. In or about April of 2006, Mr. Allison was engaged in doing business with F&G Corporation [hereinafter "F&G"] as an independent insurance broker. F&G Company was a sort of umbrella corporation for many different insurance agencies for which insurance agents worked as independent contractors. Mr. Allison worked for American Retirement Architects [hereinafter "ARA"], now known as Matthew Suppala Corporation. As an employee for American Retirement Architects, Mr. Allison was actively involved in representing clients of F&G/ARA and receiving referrals of new business from F&G/ARA.

In or about April of 2006, Mr. Allison sought employment with National Agents Alliance, one of the companies or agencies under the F&G umbrella. As part of the employment process, Mr. Allison completed an application for employment and executed the same and tendered his professional insurance license over to NAA as is the practice in the insurance industry for obtaining employment from an insurance agency. Before, however, his application for employment was approved by NAA and prior to beginning employment as an agent for NAA and accepting or doing business from or on behalf of NAA, Mr. Allison terminated the application process. He was advised by F&G Company that he could not contract simultaneously as an insurance agent with more than one agency under F&G.

Immediately upon terminating the application process with NAA Mr. Allison's requested the return of his insurance license so that he could continue in his employment with ARA. Agents of NAA assured Mr. Allison of the prompt return of his license. NAA did not return or release Mr. Allison's professional license until approximately December of 2006. NAA offered no reason for withholding Mr. Allison's business license other than stating that his being a "nuisance" would result in the continued delay of the release of his professional license.

## STATEMENT OF JURISDICTION

1. Plaintiff is an independent insurance agent actively engaged in doing business in the State of Illinois with his principal place of business at 5210 West Bloomingdale Chicago, Illinois 60639.

2. Defendant is a duly license corporation in the state of North Carolina with offices located at 1214 Turrentine Street Burlington, North Carolina 27215

2.

3. This court has jurisdiction under diversity of citizenship U.S.C.A. sec. 28 USC 1332

## COUNT I-NEGLIGENCE

1. That plaintiff is a licensed insurance broker currently license to do business in the fifty states of the United States of America.

2. That in or about April of 2006, plaintiff was employed by American Retirement Architects ["ARA"], an agency operating under F&G Corporation ["F&G"], actively engaged in representing clients via referral from ARA/F&G.

3. That in or about April of 2006, plaintiff began the employment application process with National Agents Alliance, another agency doing business under F&G corporation.

4. That as part of the application process, plaintiff submitted his business license to NAA.

5. That upon learning that he could not work with more than one agency under F&G at one time, plaintiff terminated the employment process with NAA.

6. That plaintiff terminated the application process with NAA prior to being approved for employment by NAA.

7. That plaintiff immediately requested the return of his business license from NAA upon terminating the application process with NAA.

8. That NAA refused the return of Mr. Allison's license to do business as an insurance agent until approximately seven or eight months later in December of 2006.

3.

9. That plaintiff was neither ever actively employed by NAA nor engaged in doing business for or on behalf of NAA.

10. That NAA had a duty to return to Mr. Allison his business license upon termination of the employment application process.

11. That NAA breached its duty to promptly return Mr. Allison's business license to him upon termination of the employment application process.

12. That it was foreseeable to NAA that withholding plaintiff's business license would hinder him from doing business and receiving new business as an independent agent in the insurance industry.

13. That plaintiff suffered great damage and harm as a direct and proximate result of NAA'S refusal to promptly return plaintiff's business license to him upon termination of the application process.

14. That among plaintiff's damages are loss of income, loss of business, loss of credibility and of good faith in the insurance industry as a direct and proximate result of NAA's undue and unreasonable withholding of his license to do business as an independent insurance agent.

**WHEREFORE** plaintiff demands judgment against defendant in the amount of $100,000.00 (one-hundred thousand dollars) as consequential damages and attorney's fees and costs.

## COUNT II-INTENTIONAL NEGLIGENCE

15. Plaintiff repeats allegations 1-12 of Count I as though fully set forth herein.

16. That defendant willfully and unreasonably withheld Mr. Allison's business license without explanation, legal cause or justification.

17. That NAA never offered any justification .or reasonable excuse for the withholding of the return of plaintiff's license.

18. That in or about June of 2006 in a telephone conference initiated by plaintiff's attorney to negotiate the release and return of Mr. Allison's business license, Kevin Davies, an upper management employee and agent of NAA indicated that he considered both Mr. Allison and his attorney bothersome and "assholes" and indicated that he did not care if Mr. Allison ever got his license back and not to contact him again.

19. That Mr. Allison suffered great harm and damage to his business practice including loss of business deals and relationships, loss of credibility, reputation and good faith and new employment opportunities as a direct and proximate result of NAA's willful withholding and unreasonable withholding of his professional business license.

**WHEREFORE** plaintiff demands judgment against the defendant, National Agents Alliance, in the amount of $500,000.00 (five-hundred thousand dollars) for punitive damages.

Russell O. Davis, Attorney for plaintiff,
Prentiss L. Allison

Russell Odell Davis
Attorney-at-Law
252 Ash
Park Forest, Illinois 60466
312.376.6914

5.

**ARGUMENT AND LEGAL NOTE ON DAMAGE:**